[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action, the plaintiffs seek recission of a real estate sales contract in which they were the prospective buyers, and other relief. Their essential claim is that there was a material misrepresentation made to them as to the age of the house. The defendant, Robert Ciarlo, was the owner and prospective seller of the house; Lanosa Realty Corp. was the real estate agency with a listing for sale; Roberta DeVito was a real estate agent employed by Lanosa and for all practical purposes she was the principal if not the sole contact between the prospective buyers and the prospective seller.
Certain facts are not in dispute. The plaintiffs contacted Ms. DeVito and informed her that they were in the market to buy a home and told her the approximate price bracket and type of neighborhood they were interested in. Promptly Ms. DeVito informed them that she had a listing that she felt would meet their wishes. On February 12, 1989, she showed them the house at 109 Edgewood Avenue in Waterbury. The plaintiffs inspected the premises, decided it was what they wanted, and on the same day signed a contract of purchase at a price of $105,900. They paid a binder of $500, and upon acceptance of the contract by Mr. Ciarlo, CT Page 1891 they paid an additional deposit of $10,090. The only pressure upon them by Ms. DeVito to act so promptly was a statement by her to the effect that unless there were a contract, the house would remain on the market and someone else might buy it. The contract contained a mortgage contingency clause, and the plaintiffs promptly processed a mortgage application. On April 14 14, 1989, they obtained a mortgage committment from Society Mortgage Corp. which conformed to the contingency clause. In April, the plaintiffs had second thoughts about buying the premises and they retained Home Inspection Consultants to inspect the house and render a report. The report was prepared on April 21 and on the basis of a visual inspection, it noted numerous deficiencies. They promptly gave notice through Ms. DeVito that they were withdrawing from the contract and demanded return of the $10,590 they had paid, which demand was refused. They refused to close the sale.
There is no dispute that on a typed memo concerning the house, prepared by Lanosa Realty and shown to the plaintiffs by Ms. DeVito, the date of construction of the house is stated to be 1954, whereas in fact the house was built in 1854. If the plaintiffs relied on this misinformation in making their decision to buy, it could well be sufficient to justify recission and perhaps even damages for expenses they incurred. I accept as proven that they did not so rely.
A picture of the house, plaintiffs' Exhibit #1, reveals a structure that even the most naive and inexperienced person could not have believed it to be only thirty-five years old. Entirely aside from that, I find as a fact that at the original showing, prior to the execution of the contract, Ms. DeVito stated in the presence of and within the hearing of Charles Snyder that the 1954 date must be a mistake whereupon her associate, Domenic DiNunzio, stated, again in the presence of and within the hearing of Charles Snyder, that the house was at least one hundred years old. These remarks may or may not have been heard by the co-plaintiff Laurie Snyder but I find they were heard by her husband. Accordingly, it is impossible for me to find that the contract of sale was executed in reliance upon the erroneous information in the data sheet.
 The contract of sale contains the following: 12 DEFAULT OF BUYER: If accepted by the Seller, the Agreement shall be binding upon the Buyer and Seller, their heirs and assigns. If, after such acceptance, the Buyer fails to fulfill his obligation under this Agreement, all deposits paid by the Buyer shall then be applied toward the payment of any commission agreed by the CT Page 1892 Seller for the sale of the premises, and sums remaining after the payment of said commission shall be retained by the Seller.
Although not captioned as a liquidated damages provision, it is obvious that it is just that. Therefore, as the plaintiffs defaulted without legal justification, the defendants were entitled to retain the deposit.
The defendant, Robert Ciarlo, counterclaimed and asserts he has suffered monetary damages from the breach well in excess of the amount of the deposit. However, insofar as I interpret paragraph 12 of the sales contract as a liquidated damages clause, his counterclaim is without merit. Ciarlo has also cross complained against Lanosa Realty and Ms. DeVito, claiming that if the plaintiffs were to prevail against him, then they should exonerate him. In my view of the case, the cross complaint is moot.
Judgment may enter for the defendants on the complaint and for the plaintiffs on the cross complaint.
J. HEALEY, STATE TRIAL REFEREE.